IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) ) ) | |
| MARIA ZUBIA LEE, | ) ) | CASE NO. 04-81194-G3-13 |
| Debtor, | ) ) | |

MEMORANDUM OPINION

The court has considered the "Motion for Relief from the Stay" (Docket No. 55) filed by Likiho Enterprises, Inc. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Maria Zubia Lee ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 7, 2004.

On August 10, 2004, Debtor filed a Chapter 13 plan. (Docket No. 13). Debtor filed an amended plan on September 10, 2004 (Docket No. 19). Debtor filed another amended plan on January 28, 2005 (Docket No. 37). Debtor filed another amended plan on February 17, 2005 (Docket No. 41).

Each of the four plans filed by Debtor, including the plan that was confirmed, provides in pertinent part: "Q. These UNEXPIRED LEASES or EXECUTORY CONTRACTS are assumed, rejected or assigned under 11 U.S.C. § 1322(a)(7) and 365. Creditor: Likio Ho, Inc. Property Description: commercial lease. Election: (Assume, Reject, Assign): Assumed. In Default (Y or N): No."[1] (Docket Nos. 13, 19, 37, 41).

On October 7, 2004, Likiho Enterprises, Inc. ("Movant") filed its first motion for relief from stay, seeking authority "to pursue its contractual, statutory, and other available remedies." At the preliminary hearing on the first motion, counsel for Movant and for Debtor appeared, and presented a form of agreed order. (Courtroom Minutes, November 3, 2004).

The agreed order, which was signed and entered on November 3, 2004, provides for termination of the automatic stay, in order to permit Movant to gain possession of the real property. (Docket No. 30).

On December 8, 2004, Movant obtained a judgment for possession of the real property, in the Justice Court of Harris County, Texas, Precinct 8, Place 1. (Exhibit C-3).

---

[1] Although the plan identifies one lease, and identifies the parties to the lease as Debtor and Likio Ho, Inc., the evidence before the court is that there were two separate leases, and that the parties were Debtor and Likiho Enterprises, Inc. For convenience, the term "lease" is used in this opinion to refer to both leases.

2

Even though a judgment had been entered awarding possession of the real property to Movant, and more than 60 days had passed after the date of filing of the petition, Debtor's amended plan (which contained the language quoted above purporting to assume the contract) was confirmed by order entered March 21, 2005 (Docket No. 44).

On April 7, 2005, Movant filed suit, in the Harris County Court at Law No. 4, against Debtor, seeking recovery of $44,100 in rent alleged to be due under the lease from November, 2003 through April, 2005, and additional rent for future months while the premises remained vacant.

Loan Nguyen, president of Movant, testified that the property was leased by a new tenant in August, 2005. She testified that rent of $54,600 accrued and was not paid between November, 2003 and August, 2005.

In the instant motion, Movant seeks relief from stay in order to continue the suit pending in the Harris County Court at Law No. 4 to seek recovery from Debtor of the rent alleged to be due from November, 2003 through August, 2005.

Debtor raises three arguments in opposition to the motion. First, Debtor argues that the lease could not have been assumed without the filing of a separate motion to assume. Second, Debtor argues that the lease was deemed rejected by operation of law prior to the filing of Movant's first motion for

relief from stay, and thus could not have been assumed under the plan.  Third, Debtor argues that the inclusion in the plan of the provision assuming the lease was a clerical error in the office of Debtor's counsel.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

Where there is an issue as to the debtor's equity in property, the party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in the property.  The party opposing relief has the burden of proof as to all other issues.  11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances. In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc.,

4

912 F.2d 1162 (9th Cir. 1990).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  In re Namazi, 106 B.R. 93 (Bankr. E.D. Va. 1989).

As to Debtor's argument that the leases could not have been assumed without the filing of a separate motion to assume, in In re Flugel, 197 B.R. 92 (Bankr. S.D. Cal. 1992), the court determined that a provision in a plan assuming a lease was sufficient to satisfy Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, where the non-debtor party to the lease was served with a mailing containing a specific notice that the debtor intended to assume the lease.

The Fifth Circuit adopted the Flugel rationale in Matter of National Gypsum, Inc., 208 F.3d 498 (5th Cir. 2000). In National Gypsum, the court held that although the plan itself constitutes the act of assumption contemplated by § 365(d)(4), the lessor, as the party against whom the relief is sought, must be given reasonable notice of the debtor's intent.  National Gypsum, 208 F.3d, at p. 511.

5

In the instant case, Debtor gave notice of her intent to assume the lease by filing a plan of reorganization clearly stating an intention to assume the lease. Debtor, the party responsible for providing notice, now wishes to assert lack of sufficient notice. Each of the the plans, including the confirmed plan, was served on Movant, pursuant to Bankruptcy Rule 3015(d). Debtor is estopped to deny that Debtor intended, by serving the plans, to provide notice to creditors that she intended to assume the lease. The court concludes that the plan provided sufficient notice to Movant that Debtor intended to assume the lease, for purposes of consideration under Bankruptcy Rule 6006; no additional motion was necessary.

As to Debtor's second argument, that the lease was deemed rejected by operation of law, Section 365(d)(4) of the Bankruptcy Code, as it existed on the date of filing of the petition in the instant case, provides in pertinent part:

> [I]f the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (amended 2005).

The Fifth Circuit has not directly addressed the question of whether the court may rule on a timely-filed motion (or, as in the instant case, a plan) seeking to assume an

6

unexpired lease notwithstanding the fact that the time has run under Section 365(d)(4) for deemed rejection of the lease.  In Matter of American Healthcare Mgmt. Inc., 900 F.2d 827 (5th Cir. 1990), noting a disagreement among the courts, the Fifth Circuit stated that the primary purpose of section 365(d)(4) is to protect lessors from delay and uncertainty by forcing a trustee or a debtor in possession to decide quickly whether to assume unexpired leases.  The court held that a bankruptcy court may grant multiple extensions of the time in which a lessee must assume or reject its leases of nonresidential real property so long as a motion to extend is brought prior to the expiration of the period as previously extended and there is cause for granting the extension.  American Healthcare, 900 F.2d, at p. 830.

However, nothing in the Fifth Circuit's analysis suggests that Section 365(d)(4) should enable a debtor to enjoy the benefits of assumption of a lease and later rely on the deemed rejection of the lease pursuant to Section 365(d)(4). See, e.g., Richmond Leasing Co. v. Capital Bank, N.A., 762 F.2d 1303 (5th Cir. 1985) (debtor cannot choose to accept the benefits of the contract and reject its burdens to the detriment of the other party to the agreement); In re James Wilson Assoc., 965 F.2d 160 (7th Cir. 1992) (60 day deemed rejection prevents a debtor from defeating a postpetition rent claim by dragging his feet).  In the instant case, Debtor included a provision for

assumption of the lease in her plan, long after the sixty days contemplated in Section 365(d)(4) had run.  Debtor continued to prosecute the plan through confirmation, obtained confirmation of the plan, and allowed the time to run during which revocation of confirmation could be considered by the court pursuant to Section 1330 of the Bankruptcy Code.

Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.  Generally, the doctrine applies in cases where a party attempts to contradict his own sworn statements in the prior litigation.  <u>Brandon v. Interfirst Corp.</u>, 858 F.2d 266 (5th Cir. 1988).  The court concludes that judicial estoppel prevents Debtor's assertion that the contract was deemed rejected prior to confirmation of the plan.

As to Debtor's argument that inclusion of the assumption provision was due to a clerical error, Bankruptcy Rule 9024 provides that a complaint to revoke an order of confirmation must be filed within the time set forth in Section 1330, that is, within 180 days after the date of entry of the confirmation order.  The confirmation order was entered March 21, 2005, and no complaint was filed within 180 days.  Thus the court lacks jurisdiction to grant relief from the confirmation order.[2]

---

[2] The court notes, however, that the plan may remain subject to modification, pursuant to Section 1329 of the Bankruptcy Code.

8

There is no evidence as to any prejudice to either Debtor or Movant, since the stay was previously lifted to permit Movant to obtain possession of the property, and what appears to remain for determination is a question addressed only to whether Debtor remains liable, postconfirmation, for certain rents. Accordingly, the court concludes that the stay should be lifted, to permit Movant to proceed in the Harris County Court at Law No. 4. This court's ruling is limited to the lifting of the stay; it does not prevent Debtor from asserting any matter within that court's jurisdiction, with respect to the matter in controversy.

Based on the foregoing, a separate Judgment will be entered.

Signed at Houston, Texas on November 23, 2005.

HONORABLE LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE